| | |
|---|---|
| 1 | Peter Afrasiabi Esq. (Bar No. 193336) |
| 2 | pafrasiabi@onellp.com<br>**ONE LLP** |
| 3 | 4000 MacArthur Boulevard<br>Each Tower, Suite 500 |
| 4 | Newport Beach, CA 92660<br>Phone:      (949) 502-2870 |
| 5 | Facsimile:  (949) 258-5081<br>www.onellp.com |
| 6 | Joanna Ardalan, Esq. (Bar No. 285384) |
| 7 | jardalan@onellp.com<br>**ONE LLP** |
| 8 | 9301 Wilshire Boulevard<br>Penthouse |
| 9 | Beverly Hills, CA 90210<br>Phone:  (310) 437-8665 |
| 10 | *Attorneys for Plaintiff, AKM-GSI Media, Inc.* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKM-GSI MEDIA, Inc., a California corporation, | Case No.: 2:16-cv-03672 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)** |
| STARSIGHTINGS, Inc., a Washington corporation; and DOES 1-10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, AKM-GSI, Media, Inc., complains against Defendant, StarSightings, Inc., a Washington corporation, and DOES 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendant may be found and transact business in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

3. Plaintiff AKM-GSI Media, Inc. ("AKM-GSI") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4. Defendant StarSightings, Inc. ("StarSightings" or "Defendant") is incorporated and existing under the laws of Washington, with its principal place of business in Bellevue, Washington.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*AKM-GSI and the Photographs that Frame This Dispute*

6. AKM-GSI owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to

celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, AKM-GSI owns coveted photographs of well-known celebrities such as Kim Kardashian, Kourtney Kardashian, Leonardo DiCaprio, Channing Tatum, Eddie Redmayne, Niall Horan, Kat Von D, Jennifer Aniston, Taylor Swift, Jessica Biel, Emma Stone, Cara Delevingne, Jessica Alba, Bradley Cooper, Karlie Kloss, Justin Bieber, Reese Witherspoon, Victoria and David Beckham, Lana Del Rey, Zooey Deschanel, and Louis Tomlinson (herein referred to as "AKM-GSI Photographs"), among many others. All rights, title and interest in the AKM-GSI Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by AKM-GSI.

8. AKM-GSI filed for copyright registration of the AKM-GSI Photographs within 90 days of their first publication with the United States Copyright Office. A true and correct copy of the Copyright registrations/applications is attached as Exhibit A.

*Defendants and Their Willful Infringing Activity*

9. On information and belief Defendant StarSightings, Inc., owns and operates a website, www.starsightings.com, and developed a StarSightings smart phone application which is currently available for download through iTunes. On information and belief both the website and the smartphone application encourages third-party users to unlawfully upload and distribute celebrity photographs, such as AKM-GSI Photographs. As explained on its website, StarSightings allows users to "eas[ily] publish and share" celebrity photographs on the website and smart phone application as well as easily "share [the photographs] on Twitter, Facebook, [and] other social networks directly from the Starsightings app or website."

10. StarSightings is a sophisticated publisher of celebrity photographs, whose business model depends on celebrity content to drive traffic to its website. The more third parties upload valuable celebrity photographs, the more valuable the StarSightings website and phone application.

11. StarSightings claims it provides a platform for "citizen journalists and fans who want to follow celebrities and share their brush with fame [to upload and share photos]… while allowing the photographer[s] to maintain the publishing rights to posted photos." However, the site contains pervasive and apparent infringement as the photos are clearly not owned by the so-called citizen journalists. Numerous photographs uploaded to the website are professional quality photographs that frequently contain photo credits to some of the leading celebrity-photograph agencies, like AKM-GSI, making it apparent that the user does not have the right to reproduce, distribute, display and upload the photograph and that the photograph is owned by a professional photographer or photograph agency.

12. On information and belief, StarSighting's goal of reaching the third party users around the United States and, specifically in Southern California, is evident by its location search on the website which includes targets in Southern California. Once a celebrity is spotted in, for example, Los Angeles, fans will know the celebrity is apparently in Los Angeles. The purpose of this feature is to inform users whether the celebrity is located near the user at a given time. A search for "Los Angeles" reveals AKM-GSI owned-photographs and numerous users who claim to have taken the photographs in Los Angeles. For example, a user can search "Los Angeles" for so called celebrity sightings, or could search "David Beckham" in "Los Angeles" and find photographs owned by AKM-GSI. Moreover, numerous StarSightings users are based out of Los Angeles and have entered into the Terms of Use of the StarSightings website to participate in uploading photographs, using the mobile phone application, and feeding the photographs on the users' social media accounts.

13. StarSightings violated federal law by willfully infringing AKM-GSI's copyrights to at least 31 photographs on the StarSightings website. Attached hereto as

Exhibit B and incorporated herein by reference are screenshots showing infringement of the AKM-GSI Photographs on the StarSightings Website (when there are multiple photos on one page, a red arrow indicates photos owned by AKM-GSI). As shown in Exhibit B, these photos as they appear on the website frequently contain photo credit to AKM-GSI, which puts StarSightings on notice that the AKM-GSI Photographs are owned by AKM-GSI, not the third-party users who uploaded them. Moreover, when these photos are published by legitimate licensees, they are published with AKM-GSI photo credits.

14. Specifically, StarSightings induced, caused, or materially contributed to the reproduction, distribution, and public display the AKM-GSI Photographs, and derivatives thereof, all while knowing or having reason to know of the infringement on its website and mobile phone application was without permission, consent, or license because, inter alia, the AKM-GSI Photographs are expressly credited with 'AKM-GSI,' are professional-grade and high-resolution (as opposed to photographs taken with a cellular phone), and are licensed to top tier outlets, such as the Daily Mail.

15. Furthermore, StarSightings offers incentives to third-party users who upload the infringing photographs. To wit, third-party uploaders receive a star-icon for being a "Top Photographer." These users also are listed on a "Popular Photographer" list that is prominently displayed on the StarSightings website and facilitates other users to "follow" the so-called photographer. It is apparent that the "Top Photographers" are posting a collection of infringements, at least, by and through the credit information often included in the posting and the credit information on the photos when legitimately published through a licensee.

16. Moreover, on information and belief StarSightings operates and controls the StarSightings website and mobile phone application at all times relevant to this dispute and financially benefits from the infringement of the AKM-GSI Photographs displayed thereto. On information and belief, StarSightings has driven significant traffic to the StarSightings website in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten

1  commercial advantage and revenue generation for StarSightings as a direct consequence of
2  their infringing actions.
3      17.  On information and belief, Defendants' infringement of at least 31 of
4  Plaintiff's photographs, and derivatives thereof, continues unabated to this very day.
5      18.  Moreover, StarSightings has willfully infringed AKM-GSI copyrights by
6  providing a means for users to unlawfully reproduce AKM-GSI Photographs on Facebook,
7  Twitter, and other social media, thus multiplying the infringement of the AKM-GSI
8  Photographs.
9      19.  Starsightings does not have a registered Digital Millennium Copyright Act
10 ("DMCA") agent with the Copyright Office and has not otherwise complied with the
11 DMCA.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501 Against all Defendants)

20.  AKM-GSI incorporates hereby reference the allegations in paragraphs 1 through 19 above.

21.  AKM-GSI is the owner of all rights, title, and interest in the copyrights of the AKM-GSI Photographs that frame this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

22.  AKM-GSI filed for copyright registration of the AKM-GSI Photographs within 90 days of their first publication with the United States Copyright Office. *See* Exhibit A.

23.  Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed AKM-GSI's copyrights by reproducing, displaying, distributing, and utilizing the AKM-GSI Photographs for purposes of trade violation of 17 U.S.C. § 501 *et seq.*

24.  All of the Defendants' acts are and were performed without permission, license, or consent of AKM-GSI.

25. AKM-GSI has identified at least 31 instances of infringement by way of unlawful reproduction and display of AKM-GSI's photographs (as well as the unlawful facilitation of other's reproduction of its photographs). This is likely only the tip of the proverbial iceberg and, if and when other infringements are determined and discovered in this case, AKM-GSI expressly reserves the right to amend the pleadings to include additional acts of infringement as needed.

26. As a result of the acts of Defendants alleged herein, AKM-GSI has suffered substantial economic damage.

27. Defendants have willfully infringed, and unless enjoined, will continue to infringe AKM-GSI's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of StarSighting's encouragement of the infringement and financial benefit it receives from AKM-GSI's copyrights.

28. The wrongful acts of Defendants have caused, and are causing, injury to AKM-GSI, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, AKM-GSI will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, AKM-GSI seeks a declaration that Defendants are infringing AKM-GSI copyrights and an order under 17 U.S.C. § 502 enjoining Defendant from any further infringement.

29. The above-documented infringements alone would entitle AKM-GSI to a potential award of up to $ 4.65 million in statutory damages for the at-least 31 infringed photographs, in addition to its attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. The Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all photos of AKM-GSI;

2. The Court enter a seizure order directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendant, its officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff AKM-GSI copyrights, including but not limited to any and all broadcasting materials, advertising materials, print media, signs, Internet web sites, domain names, computer hard drives, servers or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff AKM-GSI's copyrights in the Photos as well as all business records related thereto, including, but not limited to, lists of advertisers, clients, customers, viewers, distributors, invoices, catalogs, and the like;

3. An accounting be made for all profits, income, receipts or other benefit derived by Defendant from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b);

4. Actual damages and disgorgement of all profits derived by Defendant from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. §§ 504 (a)(1) & (b);

5. Statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c);

6. Reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

6. Costs and interest pursuant to 17 U.S.C. §§ 504 (a)(1) & (b), 17 U.S.C. § 505; and

7. Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

///
///
///

8

**COMPLAINT**

Dated: May 25, 2016

**ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Attorneys for Plaintiff,
AKM-GSI Media, Inc.

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff AKM-GSI Media, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated: May 25, 2016                                       **ONE LLP**


                                                          By: /s/ Joanna Ardalan
                                                              Joanna Ardalan
                                                              Attorneys for Plaintiff,
                                                              AKM-GSI Media, Inc.